IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| PAYSON PETROLEUM 3 WELL, L.P., | § | CASE NO. 17-40179 |
| | § | |
| | § | Chapter 7 |
| Debtor. | § | |
| | § | |
| | § | |
| JASON R. SEARCY, CHAPTER 11 TRUSTEE FOR PAYSON PETROLEUM, INC., | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | Adversary Proceeding No. 18-04074 |
| v. | § | |
| | § | |
| ACME ENERGY COMPANY, LLC, *ET. AL.*, | § | |
| | § | |
| Defendants. | § | |

## MOTION OF VARIOUS DEFENDANTS TO DISMISS AND BRIEF IN SUPPORT

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE SHOWN IN THE CERTIFICATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING WITH APPROPRIATE NOTICE. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER**.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

I.   SUMMARY ............................................................................................................1

II.  BACKGROUND ....................................................................................................2

III. ARGUMENT AND AUTHORITIES .....................................................................4

    A.  No Standing Under Section 723 ...........................................................4
    B.  Violation of Automatic Stay ................................................................6
    C.  The Settlement Order Does Not Change the Result .........................6
    D.  Effects of Movants Not Signing Bankruptcy Petition ...................13

IV. PRAYER...............................................................................................................16

# TABLE OF AUTHORITIES

## STATUTES AND RULES

11 U.S.C. § 103(G) ...........................................................................................................8

11 U.S.C. § 303 ........................................................................................................13, 14

11 U.S.C. § 323(A) ...........................................................................................................4

11 U.S.C. § 362(A)(3)........................................................................................................6

11 U.S.C. § 541(A)(3).................................................................................................4, 5, 6

11 U.S.C. § 704(A)(1).......................................................................................................4

11 U.S.C. § 723(A) ...............................................................................................*passim*

11 U.S.C. § 1123(b)(3)(B) ...............................................................................................8

28 U.S.C. § 1334 .............................................................................................................2

FEDERAL RULE CIVIL PROCEDURE 12.................................................................................2

TEX. BUS. ORG. CODE ANN. § 152.304(B)........................................................................15

TEX. BUS. ORG. CODE ANN. § 153.152(B)........................................................................15

TEX. BUS. ORG. CODE ANN. § 153.161 ...........................................................................15

## CASES

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ......................................................9

*Enterprise Fin. Group Inc. v. Curtis Mathes Corp.*, 197 B.R. 40, 46 (E.D. Tex. 1996) ...............10

*Graham v. Hill*, 444 F. Supp. 584, 588 (S.D. Tex. 1978)...............................................10

*Hartford Underwriters Ins. Co. v. Union Planters Bank N.A.,* 530 U.S. 1 (2000).........................4

*In re Astroline Comms. Co. Lts. P'ship*, 188 B.R. 98, 103 (Bankr. D. Conn. 1995).......................4

*In re Century/ML Cable Venture*, 294 B.R. 9, 29 (Bankr. S.D.N.Y. 2003) .................................13

*In re Cooper*, 405 B.R. 801, 812 (Bankr. N.D. Tex. 2009) ............................................9

*In re Memphis-Friday's Ass'n*, 88 B.R. 821, 825-26 (Bankr. W.D. Tenn. 1988) ........................13

*In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999) ...........................................14

*In re United Operating LLC*, 540 F.3d 351, 354 (5th Cir. 2008) ................................4, 9

*Insurance Group of Ireland Ltd. v. Compagnie des Bauxites de Guinee*,
456 U.S. 694, 702 (1982).......................................................................................................10, 11

*Jacuzzi v. Pimienta*, 762 F.3d 419, 420 (5th Cir. 2014) ...........................................................11

*Law v. Siegel*, 571 U.S. 415, 421 (2014) ....................................................................................8

*Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)........................................2

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)...........................12

*Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001) ....................................................................2

*Recreational Props. Inc. v. Southwest Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986)....12

*Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1050 (5th Cir. 1987)...........................................11

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998).......................................9

*Stern v. Marshall*, 564 U.S. 462, 488-89 (2011)..........................................................................11

*Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152-53 (2009) ......................................................11

*United Student Aid Funds Inc. v. Espinosa*, 559 U.S. 260, 272-74 (2010) ...................................11

*U.S. v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986).......................................................................8

*Warth v. Seldin*, 422 U.S. 490, 499-500 (1975)..............................................................................9

*Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990) ........................................................................11

*Zerand-Bernal Group Inc. v. Cox*, 23 F.3d 159, 164 (7th Cir. 1994)...........................................10

## **MOTION OF VARIOUS DEFENDANTS TO DISMISS AND BRIEF IN SUPPORT**

TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:

COME NOW the defendants listed on Exhibit "A" hereto (the "<u>Movants</u>"),[1] all of whom are defendants in the above styled and numbered adversary proceeding (the "<u>Adversary Proceeding</u>") filed by Jason R. Searcy, Chapter 11 Trustee (the "<u>Plaintiff</u>"), and file this their *Motion of Various Defendants to Dismiss and Brief In Support* (the "<u>Motion</u>"), respectfully stating as follows:

## I.   <u>SUMMARY</u>

1.    The Movants are shocked that the Plaintiff would obtain an allowed claim from this Court, based on a subscription turn-key agreement, and then to seek to recover that claim from the Movants as alleged general partners, when the District Court has found that the Movants are the victims of fraud, that that fraud was committed by the Plaintiff's company, and that the turn-key agreement was itself fraudulent.[2]   The Movants, already defrauded once, are now sued by the perpetrator of that fraud to recover the very fruits of the fraud.[3]

2.    Those issues will be raised and addressed at the proper time.   For now, the Court should dismiss this action for two reasons that appear as issues of law.   First, because the Plaintiff is not the trustee, he has no standing under section 723(a) of the Bankruptcy Code and this Court is without jurisdiction over his claim.   Indeed, he is violating the automatic stay by asserting control over what is property of the estate.   Second, because the Movants did not sign

---

[1]    For ease, Exhibit "A" matches the defendant names as listed by the Plaintiff in his complaint.   The Movants do not, by so listing themselves, represent that the Plaintiff has correctly spelled their names or that any of the artificial entities listed on Exhibit "A" exist or are in good standing.

[2]    *See* Civil Action 4:16-cv-902, E.D. Tex. (October 9, 2018 at docket no. 16).

[3]    The Movants in no way suggest that Mr. Searcy participated in any fraud.   Only that, as the Chapter 11 trustee, he steps into the shoes of the debtor.   *See In re Segerstrom*, 247 F.3d 218, 224 (5th Cir. 2001).

the bankruptcy petition, the Court has necessarily found that they are not general partners, such that collateral estoppel and *res judicata* now apply; alternatively, the bankruptcy case must be dismissed as having been unauthorized, again leaving the Court without jurisdiction. Because these defects are not curable, the Movants seek a dismissal with prejudice.

## II.   BACKGROUND

3.      Because this Motion is predicated on Rule 12(b)(1), as incorporated by Bankruptcy Rule 7012, it is appropriate to consider evidence on this motion with respect to the Plaintiff's standing. *See, e.g., Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). Unlike Rule 12(b)(6), this may include deciding disputed facts. *See id.* Importantly, the burden of proving jurisdiction rests on the party asserting jurisdiction, meaning that the "plaintiff bears the burden of proof that jurisdiction does in fact exist." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). There are two types of jurisdictional attacks: a facial attack and a factual attack. *See id.* A facial attack, "requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* "A 'factual attack,' however, challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

4.      Here, the Movants make a "factual" attack, meaning that the Court does not presume the Plaintiff's allegations to be true and meaning that the Plaintiff bears the full burden of proof on the issue of jurisdiction. The issue is not subject matter jurisdiction as is usually considered under 28 U.S.C. § 1334—the Movants admit that there is general "related to" jurisdiction, albeit non-core—but rather Constitutional jurisdiction because the Plaintiff lacks standing to assert his claims and this Court's order purporting to grant that standing is

Constitutionally void.  The only evidence needed is evidence that appears of record and of which the Court should, and for jurisdictional purposes must, take judicial notice.

5.      The Plaintiff's claim is simple: the Plaintiff claims that he has an allowed claim against the debtor's estate, and that the Movants, as alleged general partners of the debtor, are jointly and severally liable for that debt under section 723(a) of the Bankruptcy Code.  However:

(i)      Payson Petroleum 3 Well, L.P. (the "Debtor") filed its petition on January 31, 2017 under Chapter 7;

(ii)     Christopher Moser (the "Trustee") is the duly appointed Chapter 7 trustee of the Debtor and its bankruptcy estate (the "Estate");

(iii)    the Plaintiff is not the trustee of the Debtor or the Estate;

(iv)     the Debtor's petition was signed only by 3 Well MGP, LLC, as the only general partner of the Debtor, see Bankruptcy Case Docket No. 1 at p. 4;

(v)      the Debtor's statement of financial affairs lists only two general partners, 3 Well MGP, LLC and Payson Petroleum Grayson, LLC, see Bankruptcy Case Docket No. 2 at p. 32; and

(vi)     the debt that the Plaintiff sues on arose either as of the petition date or October 27, 2017, when the Court entered its order approving the settlement agreement between the Plaintiff and the Trustee that is the basis of the Plaintiff's claims as pled in his complaint.

6.      There is no question of fact that this Court's order approving said settlement, see Bankruptcy Case Docket No. 34 (the "Settlement Order"), provides that the Plaintiff will have standing over the section 723(a) claims and that the Plaintiff is appointed the "representative" of the Estate for that purpose.  As the Movants explain below, however, this Order is void insofar is it purports to grant the Plaintiff standing.[4]

---

[4]     The Movants do not believe that they are required to seek relief under Rule 60(b) or Bankruptcy Rule 9024 from the Settlement Order, since it is void.  Nevertheless, they reserve their right to seek such relief if the Court determines otherwise.  Any motion seeking such relief should relate back to the filing of this Motion.  Alternatively, they respectfully request that the Court treat this Motion as a motion seeking such relief.  The Movants also believe that the Settlement Order in total, together with the judgment agreed to pursuant to that order, should be set aside as fraudulent, including the claims allowed by this Court to the Plaintiff.  The Movants do not

7.     Finally, the Court should consider the Memorandum Opinion and Judgment of the District Court in Civil Action 4:16-cv-902, wherein the District Court concluded that various individuals, who are not the Movants herein, committed fraud on the Movants through their use of the Plaintiff's pre-bankruptcy debtor, and that said fraud was based in part on the very subscription turn-key agreement that the Plaintiff asserts as the basis of his alleged allowed claim.

### III.     ARGUMENTS AND AUTHORITIES

#### A.     NO STANDING UNDER SECTION 723

8.     The Plaintiff's sole cause of action is under section 723(a) of the Bankruptcy Code.  *See* Complaint at ¶ 16.  That section also, by its express terms, applies to and encapsulates any non-bankruptcy claim against a general partner for the partnership's debts.  *See* 11 U.S.C. § 723(a).  Under 11 U.S.C. § 723:

> If there is a deficiency of property of the estate to pay in full all claims which are allowed in a case under this chapter concerning a partnership and with respect to which a general partner of the partnership is personally liable, **the trustee** shall have a claim against such general partner to the extent that under applicable nonbankruptcy law such general partner is personally liable for such deficiency.

11 U.S.C. § 723(a) (emphasis added).

9.     It is clear from the language of the statute that the trustee, and only the trustee, has standing to assert a claim under section 723(a).  *See In re Astroline Comms. Co. Lts. P'ship*, 188 B.R. 98, 103 (Bankr. D. Conn. 1995).  Here, the Plaintiff is obviously not the trustee.  He may be "a" trustee in his own Chapter 11 case, but he is not "the" trustee in this bankruptcy case. Section 723(a) could not be clearer that it is only the Chapter 7 trustee appointed in the

---

believe that the Court would have allowed those claims had it known of the fraud or of the very recent fraud judgment against the insiders and control persons of the Plaintiff's debtor.  They reserve their right to seek such relief as well, which would also relate back to the filing of this Motion.

underlying Chapter 7 bankruptcy case that has standing to assert a recovery against an alleged general partner.

10.     The Supreme Court's opinion in *Hartford Underwriters Ins. Co. v. Union Planters Bank N.A.*, answers the balance of the inquiry.  530 U.S. 1 (2000).  First, as the Supreme Court confirms, "Congress says in a statute what it means and means in a statute what it says there."  *Id.* at 6.  Second, when Congress provides that a trustee may do something, in that case seek recovery for a surcharge under section 506(c), it is the role of the courts to enforce this requirement according to its terms.  *See id.*  Third, and equally as importantly, where the statute provides that the trustee may do something, it is providing that "others may not" and that "the trustee is the only party empowered to invoke the provision."  *Id.*

11.     Therefore, as Congress created the action, and Congress provided that the Trustee can bring the action, no other person has standing to seek relief under the action.  *See id.*  This is further confirmed by section 541 of the Bankruptcy Code, which expressly provides that a recovery under section 723(a) is property of the Estate.  *See* 11 U.S.C. § 541(a)(3).  It is the Trustee and only the Trustee who is the representative of the Estate.  *See* 11 U.S.C. § 323(a).  It is the Trustee who is required to collect and monetize property of the Estate.  *See* 11 U.S.C. § 704(a)(1).  Any contrary reading of section 723(a), as permitting standing to any person other than the Trustee, is inconsistent with, and in actual conflict with, these other provisions of the Bankruptcy Code.

12.     Thus, the Plaintiff lacks standing to assert his claims in this Adversary Proceeding.  Standing is a jurisdictional requirement and, without standing, this Court lacks subject matter jurisdiction.  *See, e.g., In re United Operating LLC*, 540 F.3d 351, 354 (5th Cir. 2008).  Therefore, the Court should dismiss this Adversary Proceeding without leave to replead.

**B.**     <u>VIOLATION OF AUTOMATIC STAY</u>

13.     As noted, section 723(a) authorizes only the Trustee to seek recovery.   Funds recovered under section 723(a) of the Bankruptcy Code are expressly defined as property of the estate.   *See* 11 U.S.C. § 541(a)(3).   It is a violation of the automatic stay "to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," 11 U.S.C. § 362(a)(3), and the Movants do not see that the Court has entered an order granting the Plaintiff relief from the stay.   Thus, the Movant has asserted a claim upon which relief cannot be granted within the meaning of Rule 12(b)(6), because the Plaintiff is violating the automatic stay and committing statutory contempt by doing so.

**C.**     <u>THE SETTLEMENT ORDER DOES NOT CHANGE THE RESULT</u>

14.     If the above were the only considerations at issue, the Movants would submit that the analysis is simple.   However, the complicating factor here is the Settlement Order.   The Plaintiff and the Trustee together sought the Settlement Order, which included seeking to grant the Plaintiff standing over the Estate cause of action, and they served the underlying motion (but apparently not the settlement agreement and proposed order) on some or many of the Movants and Defendants, and the Settlement Order is final and non-appealable.[5]   The Plaintiff will no doubt raise these issues in response to this Motion, as indeed he has referenced the Settlement Order in his complaint.   For the reasons stated below, the Settlement Order is void in these respects and the Plaintiff may not rely on it for standing, as this Court cannot confer jurisdiction on itself, or the Plaintiff and the Trustee cannot agree to jurisdiction, or estoppel cannot be used to create jurisdiction.

---

[5]     For the avoidance of doubt, the Movants are in no way conceding proper service of the settlement motion or due process, and they reserve all arguments and rights with respect to the same and to seek relief under Rules 59 or 60.

15.     The Settlement Order provides, in pertinent part, the following, as also provided

for in the underlying settlement agreement:

> Payson Petroleum is hereby granted standing and authority to enforce and
> prosecute the 2014 LP Avoidance Action Claims and the 2014 LP Partnership
> Related Claims without further order of this Court. Payson Petroleum is hereby
> appointed the representative of the 2014 LP bankruptcy estate for purposes of
> prosecuting the 2014 LP Avoidance Action Claims and the 2014 LP Partnership
> Related Claims pursuant to the 2014 LP Subject Claims Assignment and
> Participation Agreement.
>
> *        *        *
>
> Pursuant to the 2014 LP Subject Claims Assignment and Participation Agreement
> and this Order, Payson Petroleum shall have exclusive authority to file suit,
> prosecute and settle the 2014 LP Partnership Related Claims, the 2014 LP
> Avoidance Action Claims and the Payson/2014 LP Partnership Related Claims.
> Payson Petroleum is under no duty to initiate any litigation or to take any action
> with respect to the 2014 LP Partnership Related Claims or the 2014 LP
> Avoidance Action Claims that in its judgment would not be cost justified.

Bankruptcy Docket No. 34 at ¶¶ 10 & 12.

16.     The foregoing definitional phrases would include the current section 723(a)

claims, as more fully defined in the underlying settlement agreement.  Thus, as the Plaintiff will

no doubt argue, this Court entered a specific order granting him standing, and there is nothing to

be done about this order at this time without relief under Rule 60(b) or Bankruptcy Rule 9024,

which no one has sought.  Importantly, however, the Estate's claims and causes of action under

section 723(a) have _not_ themselves been assigned to the Plaintiff.  Instead, all that has been

assigned is a fifty percent (50%) interest in the "net recovery" on the claims.  *See* Bankruptcy

Case Docket No. 31-1 at pp. 22-25 of 236.  In other words, the Estate still owns the causes of

action, even if the Plaintiff has been sold an interest in the net proceeds and even though the

Plaintiff has purportedly been given standing.

17.     Initially, the Movants point out that this Court cannot override or change the

language of the Bankruptcy Code as it did with the Settlement Order, any more than this Court

could change the insider preference lookback to 4 years from 1, or increase the number of petitioning creditors for an involuntary from 3 to 5, or reduce the number of votes needed for a class to carry from 50% to 35%: "a bankruptcy court may not contravene specific statutory provisions." *Law v. Siegel*, 571 U.S. 415, 421 (2014). In each of these examples, as with *Law v. Siegel*, and as with the Settlement Order, the Court would be changing the language of the statute itself, as opposed to augmenting it, or fashioning a remedy to enforce it, or filling-in a point or answering a question that may not be in the statute or that may not be clear. That is a legislative function that this Court simply cannot do Constitutionally, given the separation of powers, and that this Court cannot do prudentially, because then there is no purpose to having a statute in the first place. *See id.* at 421-22 (additionally concluding that bankruptcy court's equitable powers cannot override a specific statutory provision, no matter how compelling).

18.     Nor does section 105(a) of the Bankruptcy Code empower the Court to override the text of section 723(a) because section 105(a) cannot be used to create rights and is not "a roving commission to do equity." *See id. See also U.S. v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). Likewise with respect to the Settlement Order naming the Plaintiff the "representative" of the Estate. This is possible under 11 U.S.C. § 1123(b)(3)(B), which provides for an estate representative to prosecute estate causes of action, but that section expressly applies only in Chapter 11. *See* 11 U.S.C. § 103(g). The absence of any comparable provision in Chapter 7 is not only telling, it is determinative. Again, as with *Law v. Siegel*, the Court cannot simply read a provision into the statute that is not there, despite the potential facts and equities involved. And, unlike with Chapter 11, there is no possibility of derivative standing for estate causes of action in Chapter 7.[6]

---

[6]     As one court aptly explained:

19.     The foregoing is simply to say, respectfully, that this Court erred when it entered the Settlement Order because this Court lacked the authority to do what it did.  This is not the end of the discussion, because the Movants acknowledge the body of case law holding that a bankruptcy court order cannot be collaterally attacked even if it is wrong on its face.  However, this does not apply to the Constitutional jurisdictional analysis, which is the fundamental problem with both the Settlement Order and the Plaintiff's argument.

20.     With respect to the fact that this Court entered the Settlement Order and the Settlement Order provides what it provides for, the Movants' response is simple: standing is a Constitutional issue and one that may be raised at any time.  *See, e.g., Warth v. Seldin*, 422 U.S. 490, 499-500 (1975).  Standing goes to the Court's subject matter jurisdiction, which itself is Constitutional in part, since the Court exercises the District Court's Article III jurisdiction.  *See, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998); *In re United Operating LLC*, 540 F.3d 351, 354 (5th Cir. 2008) ("[s]tanding is a jurisdictional requirement").  This Court has an independent duty to examine its subject matter jurisdiction.  *See, e.g., Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("courts, including this Court, have an independent

---

In Chapter 7, unlike Chapter 11, there is always a trustee in place. There is not the potential for a conflicted board of directors pulling its punches. There is not the risk of the proverbial fox guarding the henhouse. The trustee does not have the potential for conflicts of interest that a debtor-in-possession sometimes has, since the trustee has no prepetition relationship with the debtor's management, shareholders or creditors. The trustee has a unique role as an independent fiduciary, with a completely different perspective and interest in a bankruptcy estate than either a debtor or an individual creditor. The trustee also is expected to be a gatekeeper and to exercise reasonable business judgment in deciding what actions to bring and what are not worth the expense. In theory at least (and hopefully in reality), the trustee is a fair, balanced, and experienced (not to mention bonded, see 11 U.S.C. § 322) official who can be depended upon to exercise good litigation judgment.  Because of the unique role of a trustee, there would seem to be no equitable rationale to deviate from the Bankruptcy Code's apparent remedial scheme vis-a-vis avoidance actions and other estate causes of action.  If creditors do not like the job the trustee is doing, they can file a motion to compel him or her to act, or a motion for removal of the trustee.

*In re Cooper*, 405 B.R. 801, 812 (Bankr. N.D. Tex. 2009).

---

obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

21.     In this respect, several principles are elemental.  First, this Court cannot—indeed, no court can—enter an order that overrules the Constitution.  Second, this Court cannot enter an order that confers jurisdiction on itself: "the fact that the bankruptcy court, in the orders approving the bankruptcy sale and later in the plan of reorganization, purported expressly to assume jurisdiction to entertain such proceedings could not confer jurisdiction.  A court cannot write its own jurisdictional ticket." *Zerand-Bernal Group Inc. v. Cox*, 23 F.3d 159, 164 (7th Cir. 1994).  By analogy with respect to a confirmed plan, as the District Court has held, "[a] bankruptcy court cannot write its own jurisdictional ticket by including such a provision in a confirmed plan of reorganization." *Enterprise Fin. Group Inc. v. Curtis Mathes Corp.*, 197 B.R. 40, 46 (E.D. Tex. 1996).  Third, the action of the parties and an agreement between them, even if approved by a court, cannot confer jurisdiction where that jurisdiction does not otherwise exist. *See, e.g., Graham v. Hill*, 444 F. Supp. 584, 588 (S.D. Tex. 1978).  Simply put, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Insurance Group of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

22.     In sum, no action or agreement of the Plaintiff, the Trustee, and this Court can change the jurisdictional issue.  No order entered by this Court can change the jurisdiction issue or confer jurisdiction.  The Settlement Order simply does not matter for purposes of subject matter jurisdiction because subject matter jurisdiction is what it is.  And, since subject matter jurisdiction is an ongoing issue that the Court must itself analyze at each stage, all that matters is that Congress provided that the Trustee—and only the Trustee—can recover under section 723(a).  Congress has told this Court who the sole person is that can come before this Court for redress under that statute and, since the Plaintiff is not that person, there is no redress to be had

and therefore no present case or controversy to try.  As there is no present case or controversy to try, there is no Constitutional jurisdiction.  *See, e.g., Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990).  As such, the jurisdictional statute—whether 28 U.S.C. § 157 or 28 U.S.C. § 1334—does not matter, since there can be no statutory jurisdiction without Constitutional jurisdiction.  *See Stern v. Marshall*, 564 U.S. 462, 488-89 (2011).

23.     The Plaintiff may point out that bankruptcy court orders are to be enforced unless and until set aside, and that they cannot be collaterally attacked, even if wrong.  *See, e.g., Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1050 (5th Cir. 1987).  This is generally true, and one sees it occasionally with respect to confirmed plans, discharge orders, and third party releases.  *See, e.g., United Student Aid Funds Inc. v. Espinosa*, 559 U.S. 260, 272-74 (2010); *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152-53 (2009).  But this cannot and does not apply to questions of Constitutional jurisdiction—a jurisdictional attack is not a collateral attack because of the Court's ongoing, ever present, and independent duty to analyze its jurisdiction. *See, e.g., Jacuzzi v. Pimienta*, 762 F.3d 419, 420 (5th Cir. 2014) ("any judgment may be collaterally attacked if it is void for lack of jurisdiction").  In other words, the Movants do not need to first seek relief under Rule 60(b) with respect to this Court's order, since this Court's order, to the extent the Court conferred standing on the Plaintiff, is void on its face.  *See id.*

24.     Likewise, the Plaintiff may point out that he served the underlying settlement motion leading to the Settlement Order on various of the defendants in this action, who did not object.  This too is immaterial, for principles of estoppel, and a party's action or inaction, cannot confer jurisdiction where it does not exist.  *See Insurance Group of Ireland Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

25.     On the question of service, there is also the question of due process, because the Plaintiff's service of the underlying settlement motion did not fairly or Constitutionally inform

any defendant of what relief the Plaintiff was seeking.  The Movants did not file proofs of claim in the Bankruptcy Case, so they had not subjected themselves to the personal jurisdiction of the Court.  This means that, to confer personal jurisdiction over them, the Plaintiff would have had to do something more than simply mail a copy of a routine motion to them.  He would have had to serve a summons with the motion.[7]  Moreover, the motion that the Plaintiff did serve did not inform the Movants that the Plaintiff would be seeking standing to sue them.  While the motion uses phrases such as "standing to prosecute . . .  Partnership Related Claims in the 2014 LP bankruptcy case," these phrases are not defined in the motion.  They may be defined in the couple hundred pages of exhibits to the motion, but those exhibits were not served (according to the certificate of service to the motion).

26.     "If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void."  *Recreational Props. Inc. v. Southwest Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).  For due process to be complied with, notice does not have to be perfect but it must be reasonably calculated to inform.  *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950).  Simply mailing a copy of a motion without exhibits to a stranger to the proceeding, without any summons or court order requiring a response, when that motion does not clearly inform the stranger to the bankruptcy case of what relief is being sought, and instead uses defined terms without defining them, cannot comply with this requirement as a matter of law.  The Plaintiff's and the Trustee's motion provided that they were resolving contested by claims by allowing them in various amounts and dividing various mineral interests

---

[7]      The Movants acknowledge that Bankruptcy Rule 9014(b) does not require a summons.  However, the Movants are entitled to due process.  Normally, where a creditor files a proof of claim or a notice of appearance, simple service of a pleading seeking affirmative relief by mail, without a summons, would suffice.  The same considerations cannot apply when the person against whom relief is sought or will be sought in the future is a stranger to the bankruptcy case.

between them.  Nowhere are alleged general partners informed that they may be sued for the "agreed debt" and that they may be sued by a different person for the alleged debt.  The motion and Settlement Order may be valid as between the two trustees, but it cannot be binding on the Movants.

**D.    EFFECTS OF MOVANTS NOT SIGNING BANKRUPTCY PETITION**

27.    The Bankruptcy Code is clear that a case involving a partnership is an involuntary case if the petition is signed "by fewer than all of the general partners in such partnership."  11 U.S.C. § 303(b)(3)(A).  A petition signed by fewer than all general partners cannot be a voluntary petition and cannot constitute the "order for relief," instead at best being treated as a *de facto* involuntary petition until the bankruptcy court actually conducts the involuntary trial.  *See, e.g., In re Century/ML Cable Venture*, 294 B.R. 9, 29 (Bankr. S.D.N.Y. 2003); *In re Memphis-Friday's Ass'n*, 88 B.R. 821, 825-26 (Bankr. W.D. Tenn. 1988).  Here, all of the Movants are now alleged to have been general partners of the Debtor, but not all of them signed the petition. Hence the paradox: either they are not general partners, or the bankruptcy case itself was not properly filed and must be dismissed, or it must be considered a still pending *de facto* involuntary.

28.    This Court has entered a number of orders in the Bankruptcy Case at the behest of the Trustee and others, including the Settlement Order, as well as multiple claim disallowance orders.  The Court has proceeded, certainly believed, and entered orders, as though the case was a voluntary filing signed off by the appropriate authorities.  The Court entered an order granting the Trustee's application to employ counsel, for example, in which application the Trustee represented that the Debtor filed a voluntary petition.  *See* Bankruptcy Case Docket No. 10 at ¶ 3.  The Plaintiff made the same representation to the Court in the settlement motion leading to the Settlement Order.  *See* Bankruptcy Case Docket No. 31 at ¶ 3.  Everything would have been

different, and the Court would not have entered any of the orders that it did, if all of these pleadings began with "on such and such date an involuntary petition was filed against the alleged debtor."

29.     Collateral estoppel requires that "(1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a part of the judgment in that earlier action." *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999).

30.     In the Settlement Order, for example, the Court found that it had jurisdiction under Title 28 and additionally that "the Court may enter a final order consistent with Article III of the United States Constitution."  The Court also found that the Trustee was the trustee of the Debtor.  The Court also found that "the legal and factual basis set forth in the Motion . . . establish just cause for the relief granted herein."  Yet, to make any of these findings, the Court would have had to conclude that the Debtor's petition was proper; *i.e.* that an order for relief had been entered.  How else could the Court conclude that the Trustee was the Chapter 7 trustee of the Debtor, for example, when the mere act of filing an involuntary petition does not lead to the appointment of a trustee unless expressly requested and granted.  *See* 11 U.S.C. § 303(f) & (g). Who was the Trustee who filed the motion unless he represented the Estate and, since he was automatically appointed by the U.S. Trustee, he was appointed not pursuant to section 303(g), but rather section 701(a), which applies after entry of the "order for relief."  Thus, the Debtor's petition must have effectuated the "order for relief" itself, as certainly everyone believed, and as this Court clearly found and concluded.  But then, that means that the Debtor had only the one general partner who signed the petition.  Otherwise, there could have been no order for relief, only an involuntary petition still not ruled on, and no Trustee and so on.

31.     Therefore, the same issue is involved now as then: who are the Debtor's general partners?  The issue was actually litigated in the prior action because the Plaintiff and the Trustee sought precisely the order that they received, and made precisely the arguments concerning the Court's jurisdiction and authority and the appropriateness of the settlement motion and proceedings.  And, the determination of the issue was a part of the judgment both implicitly and explicitly due to the Court's actual finding.

32.     The Court should therefore conclude one of two things.  The Court can conclude that the Debtor's petition was a valid, voluntary petition, as the Court has necessarily found, in which case that finding is binding and none of the Movants can be a general partner.  Or, the Court can conclude that, if the Plaintiff's claim is correct, then the petition was at best a *de facto* involuntary petition and the Court had no jurisdiction to enter the Settlement Order and has no jurisdiction now over the current claims, and may never have that jurisdiction unless and until the *de facto* involuntary petition is adjudicated.  But in no event can the Court conclude, based on collateral estoppel and the integrity of its own orders, that the petition was a valid voluntary petition and that the Movants were general partners of the Debtor.

33.     On the issue of timing, a general partner is not liable for partnership debts arising prior to becoming a general partner.  *See* Tex. Bus. Org. Code Ann. §§ 152.304(b); 153.152(b). A general partner of a limited partnership is not liable for the debts of the partnership incurred after he is no longer a general partner.  *See id*. at § 153.161.  The only basis for the Movants' alleged liability arises under a contract entered into between the Plaintiff and the Trustee *after* the petition date.  As the Court has necessarily found that none of the Movants were general partners as of the petition date, since the petition was not an involuntary petition and since the Trustee was appointed automatically by the U.S. Trustee, as a matter of law none of the Movants can be liable for the alleged debt.

34.     Therefore, whether under a jurisdictional analysis under which the Court had no jurisdiction to enter the Settlement Order and has no jurisdiction to entertain the current Adversary Proceeding, since at most there is a *de facto* involuntary petition without an order for relief entered, or under a failure to state a claim upon which relief can be granted analysis, under which the alleged basis of liability arises after the Movants were no longer alleged general partners, dismissal is appropriate.  No amount of repleading can cure the jurisdictional issue, so leave to replead the complaint should be denied in that respect.  If the question is the date that the alleged debt arose, and if the Plaintiff can plead the elements required for such alleged date and liability, any leave to replead should be limited solely to that issue.

## IV.     <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, the Movants respectfully request that the Court enter an order dismissing this Adversary Proceeding with prejudice and granting them such other and further relief to which they may be justly entitled.

RESPECTFULLY SUBMITTED this 24th day of October, 2018.

**MUNSCH HARDT KOPF & HARR P.C.**

/s/  Davor Rukavina
Davor Rukavina, Esq.
Texas Bar No. 24030781
Julian P. Vasek, Esq.
Texas Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
214-855-7500 Tel.
214-855-7584 Fax
Email: drukavina@munsch.com
Email: jvasek@munsch.com

**COUNSEL FOR MOVANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, on the 24th day of October, 2018, a true and correct copy of the foregoing document was served upon the attached service list via the Court's CM/ECF system and/or first-class U.S. mail, postage prepaid, including on counsel for the Plaintiff.

/s/ Davor Rukavina
Davor Rukavina, Esq.

## EXHIBIT "A"

| 1 | Acme Energy Company, LLC |
|---|---|
| 2 | Gary W. Amerson |
| 3 | Jeffrey D. Carter |
| 4 | Flynt Family Incorporated |
| 5 | Ryan Grossman |
| 6 | Luis Gonzalez |
| 7 | Marc Henn |
| 8 | Thomas J. Hinshaw |
| 9 | Thomas J. Hoppe |
| 10 | KAPAA LLC |
| 11 | Timothy H. Moore |
| 12 | Gerald L. Myer |
| 13 | Thomas Partridge |
| 14 | Lois Partridge |
| 15 | Jay Pond |
| 16 | Rose Sobel Revocable Trust |
| 17 | Kelly Dean Sanders |
| 18 | Janys Schroeder (c/o Stephen Brown) |
| 19 | Raymond A. Smith |
| 20 | Janet S. Smith |
| 21 | Trewitt Living Trust |
| 22 | Wailua LLC |
| 23 | Jimmie R. Walker |
| 24 | Steven Wiesenfeld |
| 25 | Carolyn Wiesenfeld |
| 26 | Wildflower LLC |
| 27 | David J. Zawisha |
| 28 | 3 Well MGP, LLC |
|  |  |
| 29 | 4 in 1 LLC |
| 30 | Warren V. Bush |
| 31 | Fay L. Bush |
| 32 | Carrie R. Dahmer Revocable Trust |
| 33 | The Kurt & Linda Erickson Estate Trust |
| 34 | Hupakoe, LLC |
| 35 | Michael Niemann |
| 36 | Julie Wakeman |
| 37 | Riverstone Resources, Ltd. |