# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| PAYSON PETROLEUM 3 WELL, L.P., | § § § § § | Case No. 17-40179<br>Chapter 7 |
| DEBTOR. | § | |

---

| | | |
|---|---|---|
| JASON R. SEARCY, CHAPTER 11 TRUSTEE FOR PAYSON PETROLEUM, INC., | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. 18-04074 |
| ACME ENERGY COMPANY, LLC, ET AL., | § § § § | |
| Defendants. | § | |

---

## JOINT RESPONSE IN OPPOSITION TO MOTION OF VARIOUS DEFENDANTS TO WITHDRAW THE REFERENCE
## AND BRIEF IN SUPPORT

---

**[Relates to Docket No. 6]**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii, iii

**Summary** ....................................................................................................................................1

**Background Facts** ....................................................................................................................2

ARGUMENTS AND AUTHORITIES ........................................................................................5

    A.  The Payson Trustee's Claims are Equitable and there is no
        Right to a Jury Trial ........................................................................................................5

    B.  Payson Trustee's Claims are Core Claims and the Bankruptcy Court has
        Constitutional Authority to Enter a Final Judgment ...................................................8

    C.  Even if Constitutional Authority to Enter Final Orders Does Not Exist,
        There is Still No Reason to Withdraw the Reference ..................................................11

    D.  Movants Have Waived Any Right to a Jury Trial and Consented to the
        Bankruptcy Court's Jurisdiction ..................................................................................12

    E.  Cause Does Not Exist for Withdrawal of the Reference ............................................12

PRAYER .....................................................................................................................................14

# **TABLE OF AUTHORITIES**

**Cases** **Page**

*Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) ....................................................................... 11

*Exec. Bens. Ins. Agency v. Arkinson*, 134 S. Ct. 2165 (2014) .................................................. 1, 11

*Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989) ............................................................. 5, 7

*Hoffman v. Ramirez (In re Astroline Communs. Co. Ltd. Pshp.)*,
161 B.R. 874 (Bankr. D. Conn. 1993) ................................................................................ 8, 9, 10

*Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992,
999 (5th Cir. 1985) ...................................................................................................................... 12

*Katchen v. Landy*, 382 U.S. 323 (1966) ...................................................................................... 12

*Kipperman v. Yousif (In re Miramar Mall Limited Partnership)*, 152 B.R.
631 (Bankr. S.D. Cal 1993) ............................................................................................................ 8

*Liebman v. Brown (In re Bonded Jewelry Ctr.)*, 206 B.R. 381
(Bankr. D. Md. 1997) ................................................................................................................. 6, 7

*Marshack v. Mesa Valley Farms L.P. (In re The Ridge II)*, 158 B.R.
1016 (Bankr. C.D. Cal 1993) ......................................................................................................... 8

*McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 863 (Bankr. N.D.
Ohio 1990) ............................................................................................................................ 6, 7, 8

*Miller v. Spitz (In re CS Assocs.)*, 160 B.R. 899 (Bankr. E.D. Penn 1993) .............................. 7, 9

*Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982) ............................ 9

*Stern v. Marshall*, 564 U.S. 462 (2011) ......................................................................... 10, 11, 14

*Tatge v. Chandler (In re Judiciary Tower Assocs.)*, 170 B.R. 8 (Bankr. D.C. 1994) ................... 7

*Wellness Int'l Network Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) .................................................... 12

*Wilkey v. Inter-Trade, Inc. (In re Owensboro Distilling Co.)*, 108 B.R.
572 (Bankr. W.D. Ky. 1989) ................................................................................................ 7, 8, 9

*Wood v. Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987) ............................................................ 8

**United States Constitution**

U.S. Const. Amend VII ................................................................................................... 5

**Statutes**

11 U.S.C. § 541 ............................................................................................................... 11
11 U.S.C. § 723 ................................................................................... 1, 4, 5, 6, 7, 8, 9, 10, 14
28 U.S.C. § 157 ............................................................................................. 1, 8, 9, 10, 11, 13

**Other Authorities**

G. Spence, *The Equitable Jurisdiction of the Court of Chancery*, Ch.
21, § 2 at 665-66 (1846) ..................................................................................................... 6

G. Bispham, *The Principles of Equity: A Treatise on the System of
Justice Administered in the Courts of Chancery* Part III, Ch. 5, § 505
at 555-56 and §§ 520-22 at 568-70 (4th ed. 1887) ........................................................... 6

**RESPONSE TO WITHDRAW THE REFERENCE AND BRIEF IN SUPPORT**

**TO THE HONORABLE BRENDA RHOADES, U. S. BANKRUPTCY JUDGE:**

COME NOW Jason R. Searcy, Chapter 7 Trustee for Payson Petroleum, Inc in substantively consolidated Bankruptcy Case No. 16-41044 (the "Payson Trustee") and Christopher J. Moser, Chapter 7 Trustee for Payson Petroleum 3 Well, L.P. in Bankruptcy Case No. 17-40179 and Payson Petroleum 3 Well 2014, L.P. in Bankruptcy Case No. 17-40180 (the "LP Trustee") to file their *Joint Response to Motion of Various Defendants to Withdraw the Reference and Brief in Support*, and respectfully show unto the Court the following:

**I.**
**Summary**

1. There is no right to a jury trial in this adversary proceeding and no grounds upon which to withdraw the reference. Payson Trustee has brought claims under 11 U.S.C. § 723(a) against the general partners of the debtor to satisfy the deficiency. The winding up of partnerships and bills for the administration of partnership assets are equitable actions. As such, there is no jury right. Further, 28 U.S.C. §§ 157(b)(2)(A), (E) & (O) makes clear that the Payson Trustee's claims are core claims and the Bankruptcy Court has constitutional authority to enter final judgments in this matter because the claims stem from the bankruptcy itself. Even if the Bankruptcy Court does not have constitutional authority to enter final orders in this matter, the Supreme Court's opinion in *Exec. Bens. Ins. Agency v. Arkinson*, 134 S. Ct. 2165 (2014) establishes that the Bankruptcy Court may hear this matter and issue proposed findings of fact and conclusions of law for *de novo* review by the District Court.

1

## II.
## Background Facts

2. <u>Payson Debtors File Bankruptcy</u>.  On June 10, 2016, Payson Petroleum, Inc. ("<u>PPI</u>"), Payson Operating, LLC ("<u>PO</u>"), and Maricopa Resources, LLC ("<u>Maricopa</u>" and collectively with PPI and PO the "<u>Payson Debtors</u>") filed voluntary petitions under Chapter 7 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>").  *See* Docket No. 1 in Case Nos. 16-41043, 16-40144, *and* 16-40145.  On July 12, 2016, the Court entered orders converting these bankruptcy cases to cases under Chapter 11 of the United States Bankruptcy Code.  *See* Docket No. 39 in Case No. 16-41043; Docket No. 33 in Case No. 16-41044; *and* Docket No. 41 in Case No. 16-41045.  On July 18, 2016, the Court entered orders approving the United States Trustee's applications to appoint the Payson Trustee as Chapter 11 Trustee in these bankruptcy cases.  *See* Docket No. 55 in Case No. 16-41043; Docket No. 50 in Case No. 16-41044; *and* Docket No. 57 in Case No. 16-41045.  On August 11, 2016, the Court ordered the joint administration of these debtors' bankruptcy cases under Case No. 16-41044.  *See* Docket No. 75 in Case No. 16-41043; Docket No. 73 in Case No. 16-41044; *and* Docket No. 81 in Case No. 16-41045.

3. <u>LP Adversary Proceeding</u>.  On November 1, 2016, the Payson Trustee filed his *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 548, 547, and 550* (the "<u>Original Complaint</u>") in Adversary Proceeding No. 16-04106 (the "<u>LP Adversary Proceeding</u>") against Payson Petroleum 3 Well, LP ("<u>3 Well LP</u>") and Payson Petroleum 3 Well 2014, LP ("<u>2014 LP</u>") to recover certain oil and gas interests transferred from Maricopa to 3 Well LP and 2014 LP during the 90-day preference period.  *See* Docket No. 1 in Adv. Proceeding 16-04106.

4. <u>Answer to LP Adversary</u>.  On December 19, 2016, 3 Well LP and 2014 LP answered the Original Complaint.  *See* Docket No. 17 in Adversary Proceeding.  3 Well LP and

2014 LP were represented by attorney Daniel P. Winnika from the law firm of Loewinsohn Flegle Deary Simon, LLP. *See id*. at p. 10.

5. <u>LP Debtors File Bankruptcy</u>. On January 31, 2017, 3 Well LP and 2014 LP (collectively the "<u>LP Debtors</u>") filed voluntary petitions under Chapter 7 of the Bankruptcy Code. *See* Docket No. 1 in Case No. 17-40179 *and* Docket No. 1 in Case No. 17-40180. Jeff Cohen signed each of the voluntary petitions as "Managing Member of 3 Well MGP, LLC, managing general partner of debtor." *See* Docket No. 1 in Case No. 17-40179 at p. 4 and Docket No. 1 in Case No. 17-40180 at p. 4. Mr. Winnika represented the LP Debtors in connection with their bankruptcy filings. *See id*. Each of the Movants was served with 3 Well LP's bankruptcy petition. *See* Movant Chart, attached as **Exhibit A**. LP Trustee was appointed as Chapter 7 Trustee for the LP Debtors.

6. <u>Joint 9019 Motions Filed & Served</u>. On September 21, 2017, the Trustees filed their Joint 9019 Motions. *See id*. The Trustees served the Joint 9019 Motions and all exhibits thereto in accordance with the Certificates of Service attached to the Joint 9019 Motions. Each Movant was served with the Joint 9019 Motion in the 3 Well LP bankruptcy case (and the exhibits thereto). *See* Ex. 1.

7. <u>Partner Objections to Joint 9019 Motions</u>. Prior to the hearing on the Trustees' Joint 9019 Motions, 104 objections were filed in Case No. 16-41044 by partners in the LP Debtors. *See* Docket Nos. 156-164, 166-214, 216-240, 242-245, 247, 249, 250, 252-264, and 271 in Case No. 16-41044 (the "<u>Partner Objections</u>"). At least 12 Movants filed objections to the Trustees' Joint 9019 Motions, and seven Movants filed proofs of claim in Case No. 16-41044. *See* Ex. A.

8. <u>Contested Hearing on Joint 9019 Motions</u>. On October 25, 2017, the Court held a contested hearing regarding the Joint 9019 Motions. During the contested hearing, the Court heard

3

argument from attorneys for the Trustees, the attorney for JMW Recovery, LLC, and several objecting partners. The Trustees provided testimony under both direct and cross examination. Mr. Searcy was cross-examined by Mr. Reed, the attorney for JMW Recovery, LLC, and four objecting partners. The Court allowed closing argument from the attorneys for the Trustees, Mr. Reed, and three objecting partners. At the end of the contested hearing, the Court issued its ruling and approved the Joint 9019 Motions.

9. 9019 Orders. On October 27, 2017, the Court entered the *Agreed Orders Granting Joint Motion to Approve Compromise and Settlement Pursuant to Bankruptcy Rule 9019*. *See* (i) Docket No. 37 in Case No. 17-40179; (ii) Docket No. 34 in Case No. 17-40180; and (iii) Docket No. 265 in Case No. 16-41044. The 9019 Orders granted, *inter alia*, the Payson Trustee derivative standing to pursue the Section 723(a) claim asserted in this adversary proceeding.

10. Deficiencies Determined. On August 28, 2018, the LP Trustee informed the Payson Trustee that after distributing all current estate assets he expected deficiencies of (i) $2,671,900.50 in the 3 Well LP case and (ii) $8,557,888.50 in the 2014 LP case.

11. General Partner Adversary Proceedings Filed. Pursuant to the derivative standing granted to him under the 9019 Orders, the Payson Trustee, on September 12, 2018, filed (i) Adversary Proceeding No. 18-04074, which asserts a claim under 11 U.S.C. § 723 against general partners of 3 Well LP to recover the deficiency in this adversary proceeding (the "Section 723 Claim"), and (ii) Adversary Proceeding No. 18-04076, which asserts a claim under 11 U.S.C. § 723 against general partners of 2014 LP to recover the deficiency in that case. *See* Docket No. 1 in Adversary Proceeding Nos. 18-04074 & 18-04076.

12. <u>Motion to Withdraw the Reference</u>. On October 24, 2018, the Movants filed their *Motion of Various Defendants to Withdraw the Reference* requesting that District Court withdraw the reference with respect to this adversary proceeding.

13. <u>Motions to Reconsider 9019 Orders</u>. Movants also filed *Motions to Reconsider Previous Settlement Order* (i.e. the 9019 Orders) in the PPI, 3 Well LP, and 2014 LP bankruptcy cases and their *Motion of Various Defendants to Dismiss and Brief in Support* in this adversary proceeding. *See* (i) Docket No. 674 in Case No. 16-41044; (ii) Docket No. 88 in Case No. 17-40179; (iii) Docket No. 82 in Case No. 17-40180; *and* (iv) Docket No. 7 in Adv. Pro. 18-04074.

## III.
## ARGUMENTS AND AUTHORITIES

**A. The Payson Trustee's Claims are Equitable and There is no Right to a Jury Trial**

14. Movants have no right to a jury trial on the Payson Trustee's claims under 11 U.S.C. § 723(a) to recover the estate's deficiency from the Debtor's general partners. First, no jury demand has been made in this adversary proceeding. However, even if a proper jury demand is made, the defendants, including the Movants, have no right to jury trial because the Payson Trustee's claims are equitable.

15. The Seventh Amendment provides, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved…." U.S. CONST. AMEND. VII. The Supreme Court has interpreted the Seventh Amendment's phrase "Suits at common law" "to refer to 'suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered.'" *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). There is a two-part analysis of whether a suit is a "Suit at common law":

5

>First, we compare the statutory action to 18th-century actions brought in the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first. If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder.

*Id*. at 42.

16. Multiple courts have held that Section 723(a) claims are equitable in nature and there is no constitutional right to a jury trial. In *Liebman v. Brown (In re Bonded Jewelry Ctr.)* 206 B.R. 381 (Bankr. D. Md 1997), the trustee filed a complaint seeking to hold the defendant responsible for the partnership deficiency in excess of $5,000,000.00 under Section 723(a) of the Bankruptcy Code. 206 B.R. 381, 383 (Bankr. D. Mary. 1997). The defendant's jury demand was denied with the court reasoning:

>Historically, the Court of Chancery, an equity court, presided over the winding up of partnerships and bills for the administration of partnership assets. *McGraw v. Betz (In re Bell & Beckwith)*, 112 Bankr. 863, 867 (Bankr. N.D. Ohio 1990)(citing G. Spence, *The Equitable Jurisdiction of the Court of Chancery* Ch. 21, § 2 at 665-66 (1846) and G. Bispham, *The Principles of Equity: A Treatise on the System of Justice Administered in the Courts of Chancery* Part III, Ch. 5, § 505 at 555 – 56 (4th ed. 1887)). In addition, when a partnership's assets were insufficient to pay all of its creditors, a creditor's bill against the partners was an equitable action filed in the Court of Chancery. *Bell & Beckwith*, 112 Bankr. at 867 (citing G. Bispham, *The Principles of Equity* Part III, Ch. 5, §§ 520 – 22 at 568 – 70).
>
>Modern courts have consistently held that allowance or disallowance of a claim in a bankruptcy falls within the broad equitable powers of a bankruptcy court. [citations omitted].
>
>This Court concludes that the determination of liability of a general partner to the bankruptcy trustee for the deficiency of a debtor partnership under Section 723(a) is a core proceeding subject to the equitable powers of the bankruptcy court because the deficiency is based upon the allowance or disallowance of claims against the estate. [citations omitted]

*Id*. at 386.

17. Other courts addressing this very same issue have held likewise. *See In re Bell & Beckwith*, 112 B.R. 863, 867 (Bankr. N.D. Ohio 1990) (jury demand denied for same reasons stated in *Bonded Jewelry Ctr.*); *Miller v. Spitz (In re CS Assocs.)*, 160 B.R. 899, 902 (Bankr. E.D. Penn. 1993) (court denied jury demand in Section 723(a) action "since the instant proceeding was equitable in nature, the Partners had no right to a trial by jury therein."); *Tatge v. Chandler (In re Judiciary Tower Assocs.)*, 170 B.R. 8, 10 (Bankr. D.C. 1994) (following *Bell & Beckwith*, court denied a general partner's jury demand).

18. Only one case has held to the contrary. *See In re Owensboro Distilling Co.*, 108 B.R. 572, 574 (Bankr. W.D. Ken. 1989). The *Owensboro Distilling* court, however, did not compare the Section 723(a) action with statutory actions brought in the courts of England prior to the merger of the courts of law and equity as mandated by *Granfinanciera*. Instead, without reference to any authority, the *Owensboro Distilling* court simply declares the action a contract action. *Id.* Also, every case after *Owensboro Distilling* that decided the very same issue refused to follow *Owensboro Distilling*'s holding. *See Bell & Beckwith*, 112 B.R. at 867 (citing treatises on equitable jurisdiction and courts of chancery found that partnership dissolution proceedings and creditor's bills are equity proceedings without rights to jury trials); *CS Assocs.*, 160 B.R. at 902 (cites both *Bell & Beckwith* and *Owensboro Distilling* but follows the holding in *Bell & Beckwith*); *Judiciary Tower Assocs.*, 170 B.R. at 10 (cites to and follows the reasoning in *Bell & Beckwith)*; *Bonded Jewelry Ctr.*, 206 B.R. at 383 (cites both *Bell & Beckwith* and *Owensboro Distilling* but follows the holding in *Bell & Beckwith*).

19. Here the Payson Trustee's claims are analogous to the equitable action filed by a creditor against the partners of an insolvent partnership. *See Bell & Beckwith*, 112 B.R. at 867; *CS Assocs.*, 160 B.R. at 902; *Bonded Jewelry Ctr.*, 206 B.R. at 383. Thus, the claims are equitable

7

in nature, triable in the Courts of Chancery, and the Movants have no right to a jury trial in this matter.

### B. Payson Trustee's Claims Are Core Claims and the Bankruptcy Court Has Constitutional Authority to Enter a Final Judgment

20. While the Movants state that the Payson Trustee's claims are non-core, the Movants' actual argument is the Bankruptcy Court does not have constitutional authority to enter a final judgment in this matter. Regardless, the Movants are wrong on both accounts.

21. "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11…and may enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). "For a proceeding to be a core proceeding, it must arise under title 11 or arise in a case under title 11." *Hoffman v. Ramirez (In re Astroline Communs. Co. Ltd. Pshp.)*, 161 B.R. 874, 878 (Bankr. D. Conn. 1993). "Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987). A proceeding "aris[ing] in" "reference[s] those 'administrative' matters that arise *only* in a bankruptcy case." *Id.* at 97 (emphasis in original).

22. As held in *Astroline Communs.* and numerous other opinions, causes of action under Section 723(a) are core proceedings because they "arise under title 11." 161 B.R. 874 (Bankr. D. Conn. 1993). "Each bankruptcy court ruling…that deals with § 723(a) matters has either explicitly or inferentially, but without extended discussion, found such matters to constitute core proceedings." *Astroline Commns.*, 161 B.R. at 878 (citing *Marshack v. Mesa Valley Farms L.P. (In re The Ridge II)*, 158 B.R. 1016, 1019 (Bankr. C.D. Cal. 1993); *Kipperman v. Yousif (In re Miramar Mall Limited Partnership)*, 152 B.R. 631, 632 (Bankr. S.D. Cal. 1993); *McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 863, 868 (Bankr. N.D. Ohio 1990); *Wilkey v. Inter-Trade,*

8

*Inc. (In re Owensboro Distilling Co.)*, 108 B.R. 572, 574 (Bankr. W.D. Ky. 1989); *and Miller v. Spitz (In re CS Assocs.)*, 156 B.R. 755(Bankr. E.D. Pa. 1993)). The *Astroline Communs.* court specifically held that:

> I conclude that the present matter is a core proceeding because it arises under the Bankruptcy Code. Congress has in § 723 created a federal cause of action for a chapter 7 trustee to compel contributions from general partners of insolvent partnership estates.

*Id*. at 878 – 79. "The fact that it is necessary to refer to state law in litigating under § 723 is not determinative on the core issue." *Id*. at 879 (citing 28 U.S.C. § 157(b)(3)("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.")). "Proceedings whose basis lies within the Code may be considered core proceedings under the *Marathon* rationale because 'when Congress creates a substantive federal right, it possesses substantial discretion to prescribe the manner in which that right may be adjudicated—including the assignment to an adjunct of some functions historically performed by [Article III] judges.'" *Id*. (quoting *Northern Pipeline Costr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 80 (1982)).

23. The Payson Trustee's claims in this matter only exist because of the substantive federal right Congress created in favor of bankruptcy trustees with Section 723(a). Without Section 723(a), there would be no federal cause of action by which a bankruptcy trustee could compel contributions from general partners. In addition, the Payson Trustee's Section 723(a) claims fall within the list of "core claims" in 28 U.S.C. § 157(b)(2). *See* 28 U.S.C. §§ 157(b)(2)(A), (E) & (O). As such, the Bankruptcy Court has statutory authority to hear and determine this matter.

9

24. The Movants' actual argument is that the Bankruptcy Court does not have constitutional authority to enter final orders in this matter. The Movants' contention is still incorrect.

25. In *Stern v. Marshall*, the Supreme Court held that the bankruptcy court had statutory authority under 28 U.S.C. § 157(b)(2)(C) to hear and decide counterclaims by the estate against creditors that have filed proof of claims. 564 U.S. 462, 482 (2011). However, the Supreme Court further held that such statutory authority was unconstitutional because it violated Article III of the Constitution. *Id*. Here, the concerns raised by the Supreme Court in *Stern* are not present because the Payson Trustee's claim, as discussed above, is one of equity and stems from the bankruptcy itself.

26. When determining whether Congress has permissibly provided a non-Article III court with jurisdiction over a matter "the question is whether the action at issue stems from the bankruptcy itself *or* would necessarily be resolved in the claims allowance process." *Stern* at 499 (emphasis added). Here, the action stems from the bankruptcy itself. The deficiency at issue arose because of the claims made against the Debtor's bankruptcy estate and, thus, upon the bankruptcy res, exceeded the value of the Debtor's assets. In addition, the Payson Trustee's claims could only arise in a bankruptcy case. Without Section 723(a), a bankruptcy trustee would have no state law rights to pursue deficiency claims against general partners. It is Section 723(a) that created a federal cause of action for a chapter 7 trustee to reach the assets of general partners to satisfy the deficiency. *See Astroline Commns.*, 161 B.R. at 878 – 89. A claim under Section 723(a) stems from the bankruptcy itself and arises under title 11. As such, this Court has constitutional authority to enter final orders in this matter.

### C. Even If Constitutional Authority to Enter Final Orders Does Not Exist, There Is Still No Reason to Withdraw the Reference

27. Even if the Bankruptcy Court does not have constitutional authority to enter final orders, the Bankruptcy Court can still hear this matter and submit proposed findings of fact and conclusions of law for the District Court to review *de novo*. Such was the holding in the Supreme Court's opinion in *Exec. Bens. Ins. Agency v. Arkinson*, 134 S. Ct. 2165 (2014).

> In *Stern v. Marshall*,…this Court held that even though bankruptcy courts are statutorily authorized to enter final judgment on a class of bankruptcy-related claims, Article III of the Constitution prohibits bankruptcy courts from finally adjudicating certain of those claims. *Stern* did not, however, decide how bankruptcy or district courts should proceed when a "*Stern* claim" is identified. We hold today that when, under *Stern's* reasoning, the Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related claim the relevant statute nevertheless permits a bankruptcy court to issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court.

*Id*. at 2168.

28. If the so-called "*Stern* claim" "satisfies the criteria of § 157(c)(1), the bankruptcy court simply treats the claims as non-core: The bankruptcy court should hear the proceeding and submit proposed findings of fact and conclusions of law to the district court…" *Id*. at 2173. Thus, a "*Stern* claim" can be heard by a bankruptcy judge if it is "otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1); *see also Arkinson*, 134 S. Ct. at 2174. "Proceedings 'related to' the bankruptcy include (1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, n. 5 (1995).

29. Clearly, the Payson Trustee's claims are related to a case under title 11. First, Payson Trustee's claims is derived from the Bankruptcy Code itself and would not exist except within the contexts of title 11. Second, the Payson Trustee's claims, if successful, would require the Movants and other defendants to fully satisfy the deficiencies of the Debtor's insolvent

bankruptcy estate. Even if the Bankruptcy Court does not have constitutional authority to enter a final judgment, the Bankruptcy Court can still hear this matter and submit proposed findings of fact and conclusions of law to the District Court. Withdrawal of the reference is not necessary under such circumstances.

### D. Movants Have Waived Any Right to a Jury Trial and Consented to the Bankruptcy Court's Jurisdiction

30. The Movants have consented to the Bankruptcy Court's jurisdiction by objecting to the Rule 9019 Motion and seeking affirmative relief through their motion for reconsideration of the Rule 9019 Motion. Under each circumstance, the Movants have knowingly and voluntarily participated in the claims allowance and disallowance process.

31. "Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge." *Wellness Int'l Network Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

32. At least twelve (12) Movants sought affirmative relief from the Bankruptcy Court when they objected to the Rule 9019 motion which, *inter alia*, set the allowed amount of Payson Trustee's claim against the Debtor's estate. *See* Ex. 1; *Katchen v. Landy*, 382 U.S. 323 (1966) (By invoking the claims allowance process, preference defendant had consented to the Bankruptcy Court's jurisdiction). Now, all of the Movants have sought affirmative from the Bankruptcy Court by moving to have the Rule 9019 motion reconsidered. *See* Docket No. 88 in Case No. 17-40179. Movants have inserted themselves in the claims allowance and disallowance process, which directly relates to the amount of the deficiency of the Debtor's estate.

### E. Cause Does Not Exist for Withdrawal of the Reference

33. Finally, cause does not exist for withdrawing the reference.

34. In *Holland America Ins. Co. v. Succession of Roy*, the Fifth Circuit provided seven (7) factors that the district courts should use to decide "cause" for permissive withdrawal of the

reference. 777 F.2d 992, 999 (5th Cir. 1985). These factors include: (1) whether the underlying claims are core or non-core proceedings; (2) considerations of judicial economy; (3) promoting uniformity in bankruptcy administration; (4) reducing forum shopping and confusion; (5) fostering the economical use of the debtors' and creditors' resources; (6) expediting the bankruptcy process; and (7) whether there is a legitimate jury demand. None of these factors favor withdrawal.

35. <u>Core Proceeding</u>. First, as discussed above, this is a core proceeding because the Payson Trustee's claims arise under title 11 and fall within subsections (A), (E) and (O) of 11 U.S.C. § 157(b)(2).

36. <u>No Right to Jury Trial</u>. First, there is no jury demand. The Movants only argue that they are entitled to a jury but none of the Movants have made a jury demand. As such, the factor concerning whether there is a legitimate jury demand does not favor withdrawal. Even if the Movants made a proper jury demand, for the reasons stated above, the defendants do not have a right to jury trial in this matter and this factor still favors maintaining the reference.

37. <u>Forum Shopping</u>. This is a classic example of forum shopping. Movants are requesting the reference be withdrawn to remove this matter from the Bankruptcy Court that has unquestionable familiarity with these bankruptcy cases. Since this adversary proceeding is a core proceeding and there is no right to a jury trial, the only conclusion that can be drawn is that Movants are forum shopping.

38. <u>Withdrawal Will Not Promote Uniformity, Result in Economical Use of the Parties' Resources, or Expedite the Bankruptcy Process</u>. Contrary to Movant's arguments, denying withdrawal of the reference at this time will not result in inefficiency and increased expense to the estate. The various bankruptcy cases have been pending before this Court for more than a year. In that time, the Bankruptcy Court has become familiar with the financial affairs and transactions

of the various debtors. Moreover, the Court already entered an order permitting the Payson Trustee to settle his Section 723 Claim against the defendants in this adversary proceeding without the need to proceed under process established by Rule 9019(a), and the Trustee is fully engaged in the settlement process having already settled with certain general partners. Furthermore, there is no evidence supporting or logical reasoning behind Movants' argument that the District Court would handle these proceedings more efficiently than the District Court. As explained above, this Court can enter final judgments in this case. Even if it could not, however, this Court can still hear this matter and submit proposed findings of fact and conclusions of law for the District Court's review.

39.    Unlike in *Stern*, the claims asserted in this adversary proceeding are statutorily "core" claims, arising under title 11 and over which the Bankruptcy Court has constitutional authority to enter final judgments.[1] Thus, these factors militate against withdrawal.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Payson Trustee respectfully requests that the Court deny the Various Defendants Motion to Withdraw the Reference and grant Payson Trustee such other relief to which Payson Trustee shows himself justly entitled to receive.

---

[1] In the alternative, Plaintiff contends that the Bankruptcy Court has the authority to hear these matters and submit proposed findings of fact and conclusions of law to the District Court. Regardless, the Bankruptcy Court will hear this matter under both circumstances.

Dated: November 15, 2018        Respectfully submitted,

**SNOW SPENCE GREEN LLP**

By:    */s/ Blake Hamm*
       Blake Hamm, SBN 24069869
       *blakehamm@snowspencelaw.com*
       Aaron M. Guerrero, SBN 24050698
       *aaronguerrero@snowspencelaw.com*
       Bryan Prentice, SBN 24099787
       *bryanprentice@snowspencelaw.com*
       2929 Allen Parkway, Suite 2800
       Houston, Texas 77019
       (713) 335-4800
       (713) 335-4848 (Fax)

**COUNSEL FOR JASON R. SEARCY, CHAPTER 7 TRUSTEE FOR PAYSON PETROLEUM, INC., PAYSON OPERATING, LLC, AND MARICOPA RESOURCES, LLC AND FOR CHRISTOPHER J. MOSER, CHAPTER 7 TRUSTEE FOR PAYSON PETROLEUM 3 WELL, L.P. AND PAYSON PETROLEUM 3 WELL 2014, L.P.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 15, 2018, a true and correct copy of this the foregoing ***Joint Response in Opposition to Motion of Various Defendants to Withdraw the Reference and Brief in Support*** was served via the Court's electronic case filing system and via email upon all counsel of record as indicated below.

Davor Rukavina
*drukavina@munsch.com*
Julian P. Vasek
*jvasek@munsch.com*
Munsch Hardt Kopf & Harr P.C.
500 N. Akard St., Ste. 3800
Dallas, Texas 75201

Robert A. Simon
*rsimon@whitakerchalk.com*
Whitaker Chalk Swindle & Schwarz PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102

       */s/ Blake Hamm*
       Blake Hamm

I:\Client\SEAJ1001-Searcy-Payson\Adversary Proceedings\18-04074 3 Well LP-GP\Response to Motion to Withdraw Reference\Joint Response to Motion to Withdraw the Reference & Brief(rev).docx