**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **PAYSON PETROLEUM 3 WELL, L.P.** §<br>    **Debtor.** §<br> § | | **CASE NO. 17-40179**<br><br>**CHAPTER 7** |

| | | |
|---|---|---|
| **JASON R. SEARCY, CHAPTER 11** §<br>    **TRUSTEE FOR PAYSON,** §<br>    **PETROLEUM, INC.,** §<br>    **Plaintiff,** §<br> §<br> §<br> **vs.** §<br> §<br> **ACME ENERGY COMPANY, LLC et al.,** §<br>    **Defendants.** § | | **ADVERSARY NO. 18-04074** |

**GREGORY REVOCABLE TRUST'S
JOINDER OF MOTIONS TO DISMISS**

TO THE HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Defendant, Dr. Noral Gregory, Trustee of the Noral Gregory and Juanita Gregory Revocable Trust (the "Trust"), by and through their Attorney, John Akard Jr., and files this Joinder of the Motions to Dismiss filed by the Munsch Hardt Defendants and the Whitaker Chalk Defendants ("Joinder"), respectfully showing unto this Court as follows:

**I.  BACKGROUND**

1.      Dr. Noral Gregory is a nonagenarian, Korean War Veteran.  He has a Ph.D. that he obtained on the GI Bill.  He and his deceased wife, Juanita, never had children but were frugal and generally careful investors.  Before enlisting in the Air Force, he was a welder and worked in a bank. Later in life, until he was 70, he worked for the Ft. Worth Independent School District.  Suffice it to say that Dr. & Mrs. Gregory were not sophisticated investors.

*Chapter 11 Trustee for Payson Petroleum, Inc. vs. Acme Energy Co, LLC et al*
Gregory Revocable Trust's Joinder of Motions to Dismiss
Page 1 of 4

2.      Based exclusively on the advice of their then financial advisor, Joel Woods of EDI Financial, Inc., through their trust, Dr. & Mrs. Gregory invested in Payson Petroleum 3 Well, LP. EDI Financial's Registration was Terminated by FINRA in 2017.

3.      The Trustee bases his contention on a Subscription Agreement purportedly signed by Dr. & Mrs. Gregory as Trustees of the Trust.  On the Subscription Agreement, the line next to General Partner is checked.  Based on this check mark, the Trustee asserts that the Trust acquired a general partnership interest and thus is general partner.  Upon information and belief the Private Placement Memorandum (PPM)[1] related to the Subscription Agreement provides that upon completion of the wells, the interest would automatically be converted to limited partnership interest.[2]  Further upon information and belief, the wells were completed on September 11, 2015.  Thus, pursuant to the terms of the PPM, the Trust is no longer a general partner, but rather is a limited partner and has been such since long before this Adversary was filed.

4.      What is clear from the filings in this and the Payson Petroleum 3 Well case is that the Trust never acted as a general partner and never had many of the powers commonly associated with a general partner.  For example, Payson Petroleum 3 Well's Petition was filed by Jeff Cohen as the Managing Member of 3 Well MGP, LLC.  Case No. 17-40179, Doc. #1.  Moreover, there was never any intent for the Trust to act as a general partner and in fact did not have the ability to manage the limited partnership in any fashion.

5.      Of course, all of this arises because of the Griffins' fraud and the only reason that the Trust is a defendant in this case is because the Griffins are fraudsters.

6.      Obviously, the Trust has lost its investment in Payson Petroleum 3.  However, to add insult to injury, the Trustee seeks to recover an $8.5M deficiency claim jointly and severely from the Trust and others who simply had the misfortune of listening to investment advisors and thereby being duped by the Griffins.  If the Trustee is successful, the Trust assets will be obliterated.

---

[1]      Through counsel, Dr. Gregory has requested a copy of the PPM from the Trustee (through counsel) related to his investment in Payson Petroleum 3 Well, but to date has not been provided with a copy of the PPM.

[2]      It is believed that this arrangement was done to maximize the tax benefits of their investment in Payson Petroleum 3 Well.

*Chapter 11 Trustee for Payson Petroleum, Inc. vs. Acme Energy Co, LLC et al*
Gregory Revocable Trust's Joinder of Motions to Dismiss
Page 2 of 4

## II.  JOINDER OF MOTIONS TO DISMISS

7.      There are two groups of defendants already before the court: a) the Munsch Hardt Defendants that filed a Motion to Withdraw the Reference [Doc. 6] and a Motion to Dismiss [Doc. 7] and b) the Whitaker Chalk Defendants that filed a Motion to Dismiss [Doc. 10] .  However, those groups were largely put together by the individuals that recommended investing in the drilling program, Jeff Cohen and Mr. Woods.  Being a man of integrity and because he believes those individuals may have conflicts of interest, Dr. Gregory was not interested in joining either of their groups.  As result, he retained his own counsel.

8.      As noted above, Dr. Gregory is careful with his money.  Thus, instead of plowing the soil yet again, by this Joinder, the Trust joins the Motions to Dismiss of the Munsch Hardt Defendants and the Whitaker Chalk Defendants [Doc. 6 & 10].

9.      In particular, the Trust points this Court to the summary of the Griffins fraud in paragraphs 1. - 4. in the Whitaker Chalk Defendants' Motion to Dismiss and the Preliminary Statement on fraud in the Munsch Hardt Defendants' Reply in Support of Motion to Dismiss in paragraphs 1. - 2.

10.     The Trust and other defendants are only defendants in this case because the Griffins are convicted fraudsters.  The Trustee is an opportunist who is attempting to take advantage of the fear of individual investors of having their life savings obliterated.  Other individual investors likely have similar stories, but Dr. Gregory, a careful, frugal, veteran, who spent his life serving others, deserves better.  This case should never have been brought but since it has been brought it should now be dismissed.

## III.  PRAYER

WHEREFORE, PREMISES CONSIDERED, the Trust joins in the Motions to Dismiss of Munsch Hardt Defendants and the Whitaker Chalk Defendants and requests that this Adversary Case be dismissed.

*Chapter 11 Trustee for Payson Petroleum, Inc. vs. Acme Energy Co, LLC et al*
Gregory Revocable Trust's Joinder of Motions to Dismiss
Page 3 of 4

Respectfully submitted,

**COPLEN & BANKS, P.C.**

By: /s/ John Akard Jr.
      **JOHN AKARD, JR.**
      State Bar No. 00790212
      11111 McCracken, Suite A
      Cypress, TX 77429
      Telephone: 832-237-8600
      Facsimile: 832-202-2088
      Email: johnakard@attorney-cpa.com

**ATTORNEYS FOR  DR. NORAL GREGORY, TRUSTEE OF THE NORAL GREGORY AND JUANITA GREGORY REVOCABLE TRUST**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been served on the parties below by ECF filing, fax, email or first class mail on December 10, 2018.

Davor Rukavina, Esq
drukavina@munsch.com
Julian P. Vasek, Esq.
jvasek@munsch.com  110
Munsch, Hardt, Kopf & Harr P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201
*Attorneys for Various [Munsch Hardt] Defendants*

Office of the U.S. Trustee
Eastern District of Texas
Bank of America Building
North College Avenue, Room 300
Tyler, TX 75702

Blake Hamm
blakehamm@snowspencelaw.com
Aaron Guerrero
AaronGuerrero@snowspencelaw.com
Bryan Prentice
bryanprentice@snowspencelaw.com
Snow Spence Green, LLP
2929 Allen Parkway, Suite 2800
Houston, Texas 77019
*Attorneys for Jason R. Searcy, Trustee for Payson Petroleum. Inc.*

Robert A. Simon
rsimon@whitakerchalk.com
Whitaker Chalk Swindle & Schwarz PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
*Attorneys for Various [Whitaker Chalk] Defendants*

/s/ John Akard Jr.
JOHN AKARD JR.

*Chapter 11 Trustee for Payson Petroleum, Inc. vs. Acme Energy Co, LLC et al*
Gregory Revocable Trust's Joinder of Motions to Dismiss
Page 4 of 4