UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| PAYSON PETROLEUM 3 WELL, L.P., | § § § § § | Case No. 17-40179<br>Chapter 7 |
| DEBTOR. | § | |

| | | |
|---|---|---|
| JASON R. SEARCY, CHAPTER 11 TRUSTEE FOR PAYSON PETROLEUM, INC., | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. 18-04074 |
| ACME ENERGY COMPANY, LLC, ET AL., | § § § § | |
| Defendants. | § | |

| | | |
|---|---|---|
| IN RE: | § § | |
| PAYSON PETROLEUM 3 WELL 2014, L.P., | § § § § § | Case No. 17-40180<br>Chapter 7 |
| DEBTOR. | § | |

| | | |
|---|---|---|
| JASON R. SEARCY, CHAPTER 11 TRUSTEE FOR PAYSON PETROLEUM, INC., | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. 18-04076 |
| NEIL AGRAWAL, ET AL., | § § § | |
| Defendants. | § | |

1

**REPORT AND RECOMMENDATION**

For the reasons stated below, this Court recommends to the United States District Court for the Eastern District of Texas that the *Motions of Various Defendants to Withdraw the Reference* filed at Docket No. 6 in Adversary Proceeding No. 18-04074 and Docket No. 7 in Adversary Proceeding No. 18-04076 be DENIED and this Court retain authority to enter final judgments in the two adversary proceedings subject to a final determination of the parties' jury trial rights when this case is ready for trial.

**I.
Background**

1.  <u>Payson Petroleum, Inc. Bankruptcy</u>.  On June 10, 2016, Payson Petroleum, Inc., Payson Operating, LLC, and Maricopa Resources, LLC filed voluntary petitions under Chapter 7 of the United States Bankruptcy Code (the "<u>Bankruptcy Code</u>").  *See* Docket No. 1 in Case Nos. 16-41043, 16-40144, *and* 16-40145.  On July 12, 2016, the Court entered orders converting those bankruptcy cases to cases under Chapter 11 of the United States Bankruptcy Code.  *See* Docket No. 39 in Case No. 16-41043; Docket No. 33 in Case No. 16-41044; *and* Docket No. 41 in Case No. 16-41045.  On July 18, 2016, the Court entered orders approving the United States Trustee's applications to appoint Jason R. Searcy as Chapter 11 Trustee in those bankruptcy cases (the "<u>Payson Trustee</u>").  *See* Docket No. 55 in Case No. 16-41043; Docket No. 50 in Case No. 16-41044; *and* Docket No. 57 in Case No. 16-41045.  On August 11, 2016, the Court ordered the joint administration of those bankruptcy cases under Case No. 16-41044.  *See* Docket No. 75 in Case No. 16-41043; Docket No. 73 in Case No. 16-41044; *and* Docket No. 81 in Case No. 16-41045.

2.  <u>Initial Adversary Proceeding</u>.  On November 1, 2016, the Payson Trustee filed his *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 548, 547, and 550* (the

"Original Complaint") in Adversary Proceeding No. 16-04106 against Payson Petroleum 3 Well, LP and Payson Petroleum 3 Well 2014, LP to, among other things, recover oil and gas interests transferred from Maricopa to 3 Well LP and 2014 LP during the 90-day preference period and amounts allegedly owed under turnkey drilling contracts between Payson Petroleum, Inc. and the two limited partnerships. *See* Docket No. 1 in Adv. Proceeding 16-04106.

3. LP Debtors File Bankruptcy. On January 31, 2017, Payson Petroleum 3 Well, LP and Payson Petroleum 3 Well 2014, LP (collectively the "LP Debtors") filed voluntary petitions under Chapter 7 of the Bankruptcy Code. *See* Docket No. 1 in Case No. 17-40179 *and* Docket No. 1 in Case No. 17-40180. Christopher Moser was appointed as Chapter 7 Trustee for the LP Debtors (the "LP Trustee").

4. Joint Settlement Motions. On September 21, 2017, the Payson Trustee and LP Trustee filed joint motions to settle the Payson Trustee's alleged claims against the LP Debtors in the Payson Petroleum, Inc and LP Debtors' bankruptcy cases. *See Joint Motions to Approve Compromise and Settlement Pursuant to Bankruptcy Rule 9019* at Docket Nos. 154 in Case No. 16-41044, 34 in Case No. 17-40179, and 31 in Case No. 17-40180 (the "Joint Settlement Motions"). Under the proposed settlement, the three bankruptcy estates would each obtain a portion of the proceeds from the sale of the oil and gas properties at issue and the Payson Trustee would hold allowed unsecured and subordinated claims in the LP Debtors' bankruptcy cases for half the amounts asserted in the Payson Trustee's breach of contract claims.

5. Contested Hearing on Joint 9019 Motions. Over one hundred partners owning interests in the LP Debtors filed substantially identical objections to the Trustees' Joint Settlement Motions. *See* Docket Nos. 156-164, 166-214, 216-240, 242-245, 247, 249, 250, 252-264, and 271 in Case No. 16-41044. On October 20, 2017, the Trustees responded to partner objections. *See*

3

Docket No. 248 in Case No. 16-41044. On October 25, 2017, the Court held a hearing regarding the Joint Settlement Motions. At the end of the hearing, the Court issued its ruling and approved the trustees' proposed settlement finding, among other things, that the proposed settlement was fair, reasonable, and in the "best interests of the Debtors." Docket No. 265 in Case No. 16-41044, 37 in Case No. 17-41079, and 34 in Case No. 17-40180 (the "Settlement Orders").[1]

6. Deficiencies Determined. On August 28, 2018, the LP Trustee claimed he determined that after distributing all assets in the LP Debtors' estates, including assets he obtained via the Settlement Orders, he expected deficiencies of (i) $2,671,900.50 in the Payson Petroleum 3 Well, LP case and (ii) $8,557,888.50 in the Payson Petroleum 3 Well 2014, LP bankruptcy cases.

7. General Partner Adversary Proceedings Filed. Pursuant to the derivative standing granted to him under the Settlement Orders, the Payson Trustee, on September 12, 2018, filed (i) Adversary Proceeding No. 18-04074, which asserts a claim under 11 U.S.C. § 723 against alleged general partners of Payson Petroleum 3 Well, LP to recover the deficiency in its bankruptcy case and (ii) Adversary Proceeding No. 18-04076, which asserts a claim under 11 U.S.C. § 723 against alleged general partners of Payson Petroleum 3 Well 2014, LP to recover the deficiency in that case (the "Section 723 Claims"). *See* Docket No. 1 in Adversary Proceeding Nos. 18-04074 & 18-04076 (the "Adversary Proceedings").

8. Motions to Withdraw the Reference. On October 24, 2018, Movants filed their *Motions of Various Defendants to Withdraw the Reference* requesting that the District Court withdraw the reference with respect to the Section 723 Claims asserted in the Adversary Proceedings (the "Motions to Withdraw the Reference"). *See* Docket Nos. 6 in Adversary

---

[1] The Settlement Orders, *inter alia*, purportedly allowed the Payson Trustee's unsecured subordinated claims against the LP Debtors and granted the Payson Trustee standing to prosecute claims against the LP Debtors' alleged general partners under 11 U.S.C. § 723. The Movants disputed the scope and effect of the Settlement Orders and filed Motions to Reconsider, which the Court denied on February 28, 2019.

Proceeding No. 18-04074 and 7 in Adversary Proceeding No. 18-04076.  On November 15, 2018, the Payson Trustee and LP Trustee filed their *Joint Response in Opposition to Motion of Various Defendants to Withdraw the Reference and Brief in Support*.  *See* Docket Nos. 13 in Adversary Proceeding No. 18-04074 and 22 in Adversary Proceeding No. 18-04076.  On November 29, 2018, Movants filed replies to the Trustees' responses.  *See* Docket Nos. 19 in Adversary Proceeding No. 18-04074 and 27 in Adversary Proceeding No. 18-04076.

9. <u>Motions to Dismiss Adversary Proceedings</u>.  Also on October 24, 2018, Movants filed their *Motions of Various Defendants to Dismiss and Brief in Support*, seeking dismissal of the Adversary Proceedings under Federal Rule of Civil Procedure 12(b)(1) (the "<u>Motions to Dismiss</u>").[2]  *See* Docket Nos. 7 in Adversary Proceeding No. 18-04074 and 9 in Adversary Proceeding No. 18-04076.

10. <u>Motions to Reconsider 9019 Orders</u>.  On October 29, 2018, Movants filed *Motions to Reconsider Previous Settlement Order* (i.e. the Settlement Orders) in the Payson Petroleum, Inc., Payson Petroleum 3 Well, LP, and Payson Petroleum 3 Well 2014, LP bankruptcy cases (the "<u>Motions to Reconsider</u>").  *See* Docket Nos. 674 in Case No. 16-41044, 88 in Case No. 17-40179; and 82 in Case No. 17-40180.  The Court denied the Motions to Reconsider on February 28, 2019.  *See* Docket Nos. 721 in Case No. 16-41044, 117 in Case No. 17-40179; and 110 in Case No. 17-40180.

11. <u>Hearing on Motions to Dismiss and to Withdraw the Reference</u>.  On December 12, 2018, the Court held evidentiary hearings with respect to Movants' Motions to Dismiss and Motions to Withdraw the Reference.  The Court also heard argument with respect to a motion for protection the Trustees filed seeking a ruling on the scope of discovery related to Movants'

---

[2] Other defendants also filed substantially similar motions to dismiss in the Adversary Proceedings.  *See* Docket Nos. 10 in Adversary Proceeding No. 18-04074 and 15, 16, and 18 in Adversary Proceeding No. 18-04076.

Motions to Reconsider. After reading the briefing, reviewing evidence submitted, and hearing the arguments of counsel, the Court advised the parties that it was (i) denying the Motions to Dismiss, (ii) denying, in part, the Trustees' motion for protection, and (iii) recommending to the District Court that it not withdraw the reference with respect to the Adversary Proceedings at this time, subject to a later determination of the parties' jury trial rights once the Adversary Proceedings are designated as trial ready.

## II.
## Recommendation

12.     The Payson Trustee brought the Section 723 Claims against the alleged general partners of the Debtor to satisfy the alleged deficiency in the LP Debtors' bankruptcy cases. Movants seek withdrawal of the reference on the grounds that (i) the Section 723 Claims are not core bankruptcy causes of action, (ii) the Court lacks Constitutional or statutory authority to adjudicate the Section 723 Claim, and (ii) Movants have jury trial rights. As explained below, the Section 723 Claims are core bankruptcy actions, this Court has Constitutional authority to enter final judgments on those claims, and issues regarding Movants' jury trial rights are premature.

**A.    The Section 723 Claims are Core, and the Bankruptcy Court Has Constitutional Authority to Enter Final Judgments.**

13.     "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11 … and may enter appropriate orders and judgments." 28 U.S.C. § 157(b)(1). "For a proceeding to be a core proceeding, it must arise under title 11 or arise in a case under title 11." *Hoffman v. Ramirez (In re Astroline Communs. Co. Ltd. Pshp.)*, 161 B.R. 874, 878 (Bankr. D. Conn. 1993). "Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987).

6

A proceeding "aris[ing] in" "reference[s] those 'administrative' matters that arise *only* in a bankruptcy case." *Id*. at 97 (emphasis in original).

14. As held in *Astroline Communs.* and numerous other opinions, causes of action under 11 U.S.C. § 723 are core proceedings because they "arise under title 11." 161 B.R. 874 (Bankr. D. Conn. 1993). "Each bankruptcy court ruling … that deals with § 723(a) matters has either explicitly or inferentially, but without extended discussion, found such matters to constitute core proceedings." *Astroline Comnns.*, 161 B.R. at 878 (citing *Marshack v. Mesa Valley Farms L.P. (In re The Ridge II)*, 158 B.R. 1016, 1019 (Bankr. C.D. Cal. 1993); *Kipperman v. Yousif (In re Miramar Mall Limited Partnership)*, 152 B.R. 631, 632 (Bankr. S.D. Cal. 1993); *McGraw v. Betz (In re Bell & Beckwith)*, 112 B.R. 863, 868 (Bankr. N.D. Ohio 1990); *Wilkey v. Inter-Trade, Inc. (In re Owensboro Distilling Co.)*, 108 B.R. 572, 574 (Bankr. W.D. Ky. 1989); *and Miller v. Spitz (In re CS Assocs.)*, 156 B.R. 755(Bankr. E.D. Pa. 1993)). The *Astroline Communs.* court specifically held that:

> I conclude that the present matter is a core proceeding because it arises under the Bankruptcy Code. Congress has in § 723 created a federal cause of action for a chapter 7 trustee to compel contributions from general partners of insolvent partnership estates.

*Id*. at 878 – 79. "The fact that it is necessary to refer to state law in litigating under § 723 is not determinative on the core issue." *Id*. at 879 (citing 28 U.S.C. § 157(b)(3) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.")). "Proceedings whose basis lies within the Code may be considered core proceedings … because 'when Congress creates a substantive federal right, it possesses substantial discretion to prescribe the manner in which that right may be adjudicated—including the assignment to an adjunct of some functions historically performed by [Article III] judges.'" *Id*. (quoting *Northern Pipeline Costr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 80 (1982)).

7

15. This Court has statutory authority to enter a final judgment on the Section 723 Claims. Section 723 Claims only exist because of a substantive federal right Congress created in favor of bankruptcy trustees with Section 723 to pursue contribution type claims against general partners. The Section 723 Claims are part of and arise solely under the Bankruptcy Code. Additionally, the Section 723 Claims fall within the list of "core claims" in 28 U.S.C. § 157(b)(2). *See* 28 U.S.C. §§ 157(b)(2) (A), (E) & (O). Accordingly, the Bankruptcy Court has statutory authority to enter final judgments on the Section 723 Claims.

16. The Bankruptcy Court also has Constitutional authority to enter final judgments. In *Stern v. Marshall*, the Supreme Court held that bankruptcy court (i) had statutory authority under 28 U.S.C. § 157(b)(2)(C) to hear and decide a bankruptcy estate's counterclaims against creditors that filed proof of claims but (ii) lacked Constitutional authority to enter a final judgment. 564 U.S. 462, 482 (2011). To determine whether Constitutional authority exists to enter final judgments courts ask "whether the action at issue stems from the bankruptcy itself **or** would necessarily be resolved in the claims allowance process." *Stern* at 499 (emphasis added). Here, the actions stem from the LP Debtors' bankruptcy cases and are part of the claims allowance process. The Section 723 Claims arose because the allowed claims in the LP Debtors' bankruptcy estate exceeded the value of those debtors' assets. Moreover, without Section 723(a) a bankruptcy trustee would have no right to pursue deficiency claims against the general partners of a limited partnership debtor. Thus, the Section 723 Claims "stem[] from the bankruptcy itself," and this Court has Constitutional authority to adjudicate the Section 723 Claims to final judgment, subject to a future determination of the Movants' jury trial rights.

**B.     Jury Trial Right Issues are Premature.**

17. Although the Court currently believes that Movants have no jury trial rights with

respect to the Section 723 Claims, the Court believes the prudent course of action is to allow the parties to conduct discovery and identify all triable issues of law and fact before reaching a final decision regarding Movants' jury trial rights. Because this Court has Constitutional authority to enter final judgments on the Section 723 Claims, the Court recommends that this Court preside over the two (2) adversary proceedings until they are trial ready. Once all relevant facts and issues are identified, the Court can then make a final decision with respect to Movants' jury trial rights.

**C.     Cause Does Not Exist for Permissive Withdrawal of the Reference.**

18.     In *Holland America Ins. Co. v. Succession of Roy*, the Fifth Circuit provided seven (7) factors that the district courts use to decide "cause" for permissive withdrawal of the reference. 777 F.2d 992, 999 (5th Cir. 1985). These factors include: (1) whether the underlying claims are core or non-core proceedings; (2) considerations of judicial economy; (3) promoting uniformity in bankruptcy administration; (4) reducing forum shopping and confusion; (5) fostering the economical use of the debtors' and creditors' resources; (6) expediting the bankruptcy process; and (7) whether there is a legitimate jury demand. None of these factors favor withdrawal.

- Core Proceeding. As discussed above, this is a core proceeding because the Section 723 Claim arises under title 11 and falls within subsections (A), (E) and (O) of 11 U.S.C. § 157(b)(2). Accordingly, this factor does not favor withdrawal.

- No Right to Jury Trial. Movants have not yet made a jury demand, as their answers are not yet due. But even if Movants make a proper jury demand, the issue is premature. Thus, this factor does not presently favor withdrawal.

- Forum Shopping. There is no evidence of forum shopping, and this factor is neutral.

- <u>Withdrawal Will Not Promote Uniformity, Result in Economical Use of the Parties' Resources, or Expedite the Bankruptcy Process</u>.  Withdrawing the reference would not promote uniformity, decrease expenses, or expedite the bankruptcy process.  The Payson Petroleum, Inc. bankruptcy case has been pending before this Court since June 2016, and the two limited partnership bankruptcy cases have been pending before this Bankruptcy Court since January 2017.  There is no evidence supporting Movants' argument that the District Court would handle these proceedings more efficiently.  As explained above, this Court can enter final judgments in this case, subject to a future determination of the Movants' jury trial rights.  Unlike in *Stern*, the Section 723 Claims are statutorily "core," arise under title 11, and this Court has constitutional authority to enter final judgments.  Thus, these factors also militate against withdrawal.

**D.   Even If this Court Lacks Constitutional Authority to Enter Final Orders, There Is Still No Reason to Withdraw the Reference at this Time.**

19.   Even if this Court lacked Constitutional authority to enter final orders, it may still hear all pre-trial matters to prepare the proceedings for trial.  Once the proceedings are ready for trial or other final disposition, this Court can prepare a new report and recommendation at that time.  Accordingly, withdrawal of the reference is not necessary at this time.

Signed on 3/5/2019

*Brenda T. Rhoades*     SR
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE